UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AYEISHA LASHAWN LATTA-MATTHEWS,

    Plaintiff,

v.                                    Case No. 8:22-cv-534-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

Before me is Plaintiff's Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 30). By the motion, Plaintiff seeks attorney's fees in the amount of $9,162 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] On October 27, 2022, I entered an Order reversing and remanding the case to the Commissioner of the Social Security Administration for further administrative proceedings (Doc. 28). Thereafter, the Clerk entered judgment in favor of Plaintiff (Doc. 29).[2] As the prevailing party, Plaintiff now requests an award of attorney's fees. *See* 28 U.S.C. § 2412(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)

---

[1] Attorneys Dax Lonetto, Sr. requests fees at the hourly rate of $229.05 for 40 hours of work performed in 2022 (Doc. 30, at 2-3, 5-6 & Ex. C).

[2] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed her application for fees on January 5, 2023 (Doc. 30).

(concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).

In *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA fee award is awarded to the "prevailing party," not to counsel. In this case, Plaintiff has agreed to assign the EAJA award to her counsel (Doc. 30, Ex. A). The Commissioner does not oppose Plaintiff's motion. After issuance of an order awarding EAJA fees, however, the United States Department of the Treasury will determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel. If she does, fees shall be made payable to Plaintiff and delivered to Plaintiff's counsel to satisfy the debt. For the reasons set out in Plaintiff's motion, therefore, it is hereby

ORDERED:

1. Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 30) is GRANTED.

2. Plaintiff is awarded fees in the amount of $9,162. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees (Doc. 30, Ex. A).

DONE AND ORDERED in Tampa, Florida on the 9th day of January, 2023.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record